UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
GREGORY CUTLER, and
JENNIFER CUTLER,

               Debtors / Appellants.


v.                                    Civil Case No. 05-72317
                                    Bankruptcy Case No. 04-50943
                                    Honorable Victoria A. Roberts


GEORGE DAKMAK,

               Trustee / Appellee.
_____/

## ORDER AFFIRMING SUMMARY JUDGMENT IN FAVOR OF APPELLEE

**I.    INTRODUCTION**

Appellants challenge the Bankruptcy Court's grant of Appellee's motion for summary judgment denying discharge. For the following reasons, the Court **AFFIRMS** summary judgment in favor of Appellee.

**II.    BACKGROUND**

This action arises out of Appellants Mr. and Mrs. Cutler's attempted chapter 7 bankruptcy. They were denied discharge when the Bankruptcy Court granted Appellee's Motion for summary judgment pursuant to 11 USC § 727(a)(3).

The Appellants are college educated individuals. Mr. Cutler worked as a stock broker and a financial advisor; Mrs. Cutler was a high school teacher. The Appellants

1

claim their financial woes began when Mr. Cutler - in financial trouble - obtained loans from various parties, including fraudulent loans. Some of the loans Mr. Cutler sought to discharge in bankruptcy were needed to cover loans received from people connected to organized crime. Mr. Cutler obtained funds in excess of one million dollars.

On April 14, 2004, the Appellants filed for chapter 7 relief. On their schedules, they disclosed unsecured debts of $1,464,407 and assets of $4,650. The first meeting of creditors was held on May 19, 2004. The Appellee claims the Appellants failed to produce bank books, check registers, and other documents that would allow them to track the loan proceeds. On July 13, 2004, the Appellants amended schedule F to include two omitted creditors, bringing their scheduled unsecured debt to $2,564,407.

On May 27, 2004, the Appellee issued a subpoena requiring the Appellants to appear for an examination and to produce certain documents. The examination was held on June 8, 2004. The Appellee claims the Appellants again failed to bring the documents necessary to track receipt and disposition of loan proceeds.

The Appellants claim they brought all the documents they could compile regarding their financial history. The Appellants submitted a large number of copies of cashier's checks. Mr. Cutler claims he did business using cashier's checks. Additionally, Mr. Cutler asserts that the loans he obtained were not backed by promissory notes, security agreements or guarantees and that is why he did not provide that sort of documentation. [Appellants' Brief, p. 6].

On February 28, 2005, the Appellee moved for summary judgment. The Appellee asserted that he could not conduct a meaningful investigation into the Appellants' financial affairs without adequate records. Particularly, the Appellee notes

2

the lack of bank records for the time period of Mr. Cutler's investment schemes, which generated creditor claims of more than three million dollars. The Appellants argued they produced everything they had and that because many of the loans to them were illegal and questionable, there just is not a paper record. Further, the Appellants claim they did not produce bank records because they could not afford to pay for them. They urge the Appellee to subpoena the requested documents. Additionally, the Appellants assert many of the debts listed in their schedules are overstated because they mistakenly listed what the creditor claimed to be owed rather than what they themselves thought they owed.

On April 11, 2005, the Bankruptcy Court held a hearing on Appellee's motion for summary judgment. The court issued an opinion and order granting summary judgment on May 31, 2005. The Bankruptcy Court held the records produced by the Appellants were insufficient and too inadequate to ascertain the Appellants' financial condition and business transactions. The court noted that even if the cashiers checks were in repayment of loans, "there is little or no documentation regarding the loans - the dates or amounts of the loans, the debtors' use of the loan proceeds, or the source of the funds to repay the loans." *Cutler v. Dakmak*, Bankruptcy Court, Case No. 04-50943 (E.D. Mich. 2005). The court also noted that the Appellants themselves suggested the debt was overstated but did not indicate which are overstated or the actual amount owed. The court held that once the Appellee established the inadequacy of the Appellants' records, the burden shifted to the Appellants to provide justification for their failure to produce better records, which they failed to do. The Appellants filed an appeal of the grant of summary judgment on June 13, 2005.

3

**III.    STANDARD OF REVIEW**

A bankruptcy court's grant of summary judgment is reviewed de novo.  *In re Strbac*, 235 B.R. 880 (6th Cir. BAP. 1999).  Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).

**IV.    APPLICABLE LAW AND ANALYSIS**

The Appellants dispute the grant of summary judgment denying them a discharge under 11 USC §727(a)(3).  The Appellants contend that because many of their business transactions were illegal or fraudulent, they are unable to provide typical documentation.  However, they claim they are fully cooperating and should not be punished.  The Appellee claims that the documents are necessary to discern the financial history of the Appellants and the Cutlers are purposefully refusing to comply with document requests.  The Bankruptcy Court agreed with the Appellee and found the documents submitted by the Appellants to be unjustifiably inadequate, and therefore, denied discharge under §727(a)(3).

Section 727(a)(3) provides:

(a) The court shall grant the debtor a discharge, unless - -
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
...
11 USC §727(a)(3).

4

"The purpose of section 727(a)(3) is to give creditors and the bankruptcy court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge.  The statute also ensures that the trustee and creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history." *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3rd Cir. 1992).

Two prongs are required to establish a prima facie case for denial of discharge under §727(a)(3): (1) that the debtor failed to maintain and preserve adequate records; and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions.  *Id.* at 1232.  Once inadequacy is established, the burden shifts to the debtor to justify the lack of adequate record keeping.  *Id.* at 1234.

There is no question that the records submitted in this case were inadequate. The documents submitted by the Appellants were devoid of any bank records or loan documentation.  The Appellants have more than 2.5 million dollars in unsecured debt but have no documentation which tracks the receipt and disposition of such enormous debt.  The cashiers checks are not adequate because they do not indicate where the money came from or where it went.  Indisputably, the Appellants failed to keep and preserve records such that the court could trace their financial history.

Because the Appellants failed to maintain adequate records, the burden shifts to them to justify the inadequacy.  The Appellants rely on the illegal nature of the transactions to justify their lack of documentation.  This is not sufficient.  While this may justify the lack of typical loan documents, it does not justify the Appellants inability to produce ANY bank records for the time period of Mr. Cutler's investment scheme or to

5

provide a self-produced summary of the loans received during that time period.  The Appellants do not dispute that they had a bank account(s) during the relevant time period.

In addition, the Appellants urge that they should be held to a lower standard because they only have bachelor degrees and are "unsophisticated."  It is preposterous that two college educated individuals, one of whom was a financial advisor and both of whom owned a business, are so unsophisticated that they should be excused for not maintaining legitimate documentation of the receipt and expenditure of over 2.5 million dollars.  Because the Appellants failed to maintain and produce adequate records, and cannot provide a justification for doing so, summary judgment denying them discharge was proper.

## V.    CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the grant of summary judgment by the Bankruptcy Court.

**IT IS SO ORDERED.**


**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  November 3, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 3, 2005.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**